BWD:mlw     24-85

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ROBERT SWAYKA,<br><br>    Plaintiff,<br><br>v.<br><br>MENARD, INC., d/b/a MENARD'S,<br><br>    Defendant. | Case No.<br><br><br>REQUEST FOR TRIAL BY JURY |

## COMPLAINT AT LAW

Plaintiff, ROBERT SWAYKA, by his attorneys, NAPLETON & PARTNERS, complaining of Defendant, MENARD, INC., d/b/a MENARD'S states as follows:

## PARTIES

1.    That on February 20, 2024, Defendant, MENARD, INC., ("MENARD'S") owned, operated, controlled, managed, and maintained the premises located at 825 Randall Road, Elgin, Kane County, Illinois.

2.    At all relevant times, the Defendant, MENARD'S, was a citizen of Eau Claire, Wisconsin, where it is headquartered.

3.    At all relevant times, the Plaintiff, ROBERT SWAYKA, was a citizen of Illinois.

## JURISDICTION AND VENUE

4.    This court has jurisdiction of this matter pursuant to 28 U.S.C. §1332 because: (1) the matter in controversy exceeds $75,000, exclusive of interest and costs; (2) is between citizens of different States.

1

5. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS OF THE OCCURRENCE AT ISSUE

6. On February 20, 2024, Plaintiff, ROBERT SWAYKA, was an invitee of Defendant, MENARD'S, and lawfully on the premises located at 825 Randall Road, Elgin, Illinois.

7. While in the store, the Plaintiff, with the assistance of personnel from MENARD'S, loaded approximately 13 to 14 pieces of slatwall, each of which measured approximately 4 feet by 8 feet and which weighed over 50 pounds each, onto a cart, which he transported to the front of the store and which he purchased.

8. Upon making his purchase, the Plaintiff sought further assistance from Defendant's agents/employees to transport the slatwall to his vehicle; the Defendant's in-store agents/employees stated that personnel in the parking lot would assist him to his vehicle.

9. Upon exiting MENARD'S, the Defendant's parking agent/employee offered to assist the Plaintiff in navigating the cart from the MENARD'S store towards Plaintiff's vehicle parked in the parking lot of MENARD'S.

10. At the said time and place, the MENARD'S employee began pulling the cart from the front as Plaintiff guided the cart from the rear. As they began to move the cart, it began to speed up due to the Defendant's employee's handling and directing of the cart. Plaintiff requested Defendant's employee to slow down the cart.

11. Despite Plaintiff's requests to slow down, the MENARD'S employee negligently increased the speed of the cart or allowed the speed of the cart to increase.

12. Due to the excessive speed and inadequate control, the cart struck an unseen obstruction in the parking lot, causing the cart to suddenly stop and the slatwall to shift and violently propel the cart towards Plaintiff, striking him. The force of the cart caused the Plaintiff to fall and sustain injuries to his left shoulder, left knee, thighs, and chest.

13. Plaintiff suffered significant pain, discomfort, and incurred medical expenses as a result of Defendant's negligence in the operation and control of the cart.

14. At all relevant times, the Defendant, MENARD'S, owed a duty of ordinary care to Plaintiff.

15. That the Defendant, Menard's, was negligent in one or more of the following respects through its agent/employee:

   a. Caused and/or allowed the aforesaid cart to go at a speed that was unsafe for the parking lot conditions; or

   b. Failed to slow the aforesaid cart in response to Plaintiff's request to the MENARD'S employee to do so; or

   c. Failed to warn Plaintiff of the aforesaid dangers that would and/or did occur in moving the cart; or

   d. Failed to involve other agents/employees of MENARD'S in transporting a load of the size and weight of the one Plaintiff had; or

   e. Improperly used the cart in transporting the aforesaid load; or

   f. Failed to warn the Plaintiff of an upcoming hazard; or

   g. Failed to avoid a hazard in the parking lot when it was reasonably apparent to him that it would cause a sudden stop in the cart.

16. That as a proximate result of the foregoing, the Plaintiff, ROBERT SWAYKA, was struck by the cart and sustained injuries of a personal and pecuniary nature, which continue.

WHEREFORE, the Plaintiff, ROBERT SWAYKA, demands judgment against the Defendant, MENARD'S, for an amount in excess of $75,000, plus the costs of this suit and any other recoverable costs and fees.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted,

/s/ *Brion W. Doherty*
Brion W. Doherty
Attorney for plaintiff

NAPLETON & PARTNERS
140 S. Dearborn, Suite 1500
Chicago, IL 60603
(312) 726-2699
Attorney No. 6292713
bdoherty@rjnlawoffice.com